IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CONTROL RISKS GROUP LLC,** | § § § § § § § § § § | |
| MOVANT, | | |
| V. | | MISC. ACTION NO. 13-2914 |
| **JAMES JOHNSON AND ROBERT CROKE,** | | |
| RESPONDENTS. | | |

## MOTION TO QUASH SUBPOENA

Movant, Control Risks Group LLC, hereby moves the Court for an order quashing a nonparty subpoena issued from this district and served on it by respondents, James Johnson and Robert Croke. In support of this motion, Control Risks Group LLC would respectfully show the Court the following:

### BACKGROUND

James Johnson and Robert Croke are plaintiffs in a civil lawsuit pending in the United States District Court for the Eastern District of Louisiana under Civil Action No. 11-2773 c/w 12-1534. The Louisiana suit involves claims arising out of an alleged incident in November 2010 aboard the "High Island VII," a mobile drilling rig located approximately twelve miles off the Nigerian coast and allegedly owned and operated by a Transocean entity. Johnson and Croke allege that on the day in question, they were working as seamen aboard the High Island VII and were taken hostage by Nigerian gunmen who boarded the rig. The Louisiana suit asserts claims

79543977.1

under general maritime law and names various entities, including Johnson and Croke's alleged employer and the alleged owner/operator of the High Island VII, as defendants.[1]

On November 25, 2013, Johnson and Croke, through their attorney, served a nonparty subpoena on Control Risks Group LLC through Control Risks Group LLC's registered agent in Texas. The subpoena ("Subpoena"), a copy of which is attached hereto as **Exhibit B**, is issued from this district, is dated November 20, 2013, and identifies Johnson and Croke's Louisiana suit as the pertinent underlying action. The Subpoena states that Johnson and Croke will take an oral deposition of a Rule 30(b)(6) representative of Control Risks Group *Limited* (not the LLC entity that was actually served) in Houston, Texas, but does not identify any actual topics for the deposition. Instead, the Subpoena states that "THIS IS A DEPOSITION FOR RECORDS ONLY," and appears to give Control Risks Group LLC the option to produce two categories of documents instead of appearing for deposition. In this connection, the Subpoena identifies the "Documents to be Produced" as the following: (1) "[a]ny and all documents, photographs, reports, analysis, or written, electronic or photographic materials of any nature relating to the (Transocean) HIGH ISLAND VII drilling rig," and (2) "[a]ny and all contracts for services, engagement letters, work orders, bills and invoices generated in connection with any of the documentation created in regards to the HIGH ISLAND VII.").

Control Risks Group LLC is a Delaware limited liability company with its principal office in Los Angeles, California.[2] It also has offices in Washington, D.C., New York City, and

---

[1] A February 22, 2013 "Order and Reasons" issued by the court in the Louisiana suit (Docket Entry 177 in C.A. No. 11-2773) provides an overview of the subject matter of that suit. For the Court's convenience, a copy of this opinion is attached hereto as **Exhibit A**.

[2] *See* Affidavit of Michael Woodrum ("Woodrum Aff."), a copy of which is attached hereto as **Exhibit C**, at ¶ 3.

Houston, Texas.[3]  Control Risks Group LLC provides risk consulting services to clients.[4]  Its services include investigations and analysis relating to security issues in a broad array of contexts.[5]  <u>Importantly, Control Risks Group LLC has never been engaged to provide services with respect to the High Island VII rig, and it has not, in fact, performed any work relating to that rig.</u>[6]

Control Risks Group *Limited*, on the other hand, was engaged to provide services with respect to the High Island VII rig.[7]  But this entity is completely separate from the LLC entity that has been served with the Subpoena, and is not owned or controlled by the LLC entity.[8]  Indeed, Control Risks Group *Limited* is a foreign entity, organized under the laws of the United Kingdom and maintaining its principal office in London.[9]  This UK entity is not a subsidiary of the American LLC entity that has been served with the Subpoena; rather, the two entities are affiliated only through a common parent holding company.[10]  The two entities do not share officers or employees, and instead operate as separate, independent entities.[11]  The UK entity has no offices in the United States.[12]

Any responsive documents would reside in the ordinary course of business in the London office of the foreign Control Risks Group Limited entity, and any such documents would be

---

[3] Woodrum Aff., Ex. C hereto, at ¶ 3.  Control Risks Group LLC has no offices outside the United States. *Id.*

[4] Woodrum Aff., Ex. C hereto, at ¶ 4.

[5] *Id.*

[6] *Id.* at ¶ 5.

[7] *Id.* at ¶ 6.

[8] *Id.* at ¶¶ 6-7.

[9] *Id.* at ¶ 6.

[10] *Id.* at ¶ 7.

[11] *Id.*

[12] *Id.* at ¶ 6.

subject to the contract terms, including confidentiality agreements, agreed to between Control Risks Group Limited and any client of it who retained it to provide services with respect to the High Island VII rig.[13]

Based on the foregoing facts, and as discussed more fully below, the Court should quash the nonparty subpoena directed to Control Risks Group LLC. Johnson and Croke have simply subpoenaed the wrong entity.

## STANDARD OF REVIEW

Under Rule 45 of the Federal Rules of Civil Procedure, the district court issuing a subpoena "must" quash or modify it if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii). In addition, the issuing court "may" quash or modify a subpoena if it requires disclosure of a "trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B)(ii).

Under Rule 26(c), a district court has broad discretion to protect "any person from whom discovery is sought" from "annoyance, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In exercising this discretion, the court may take a variety of steps, up to and including "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A)-(H).

## ARGUMENT

The Court should quash the Subpoena because it subjects Control Risks Group LLC to an undue burden. This burden is evident in the demand the Subpoena makes on Control Risks Group LLC to designate and produce a Rule 30(b)(6) representative. As mentioned, the Subpoena purports to require Control Risks Group LLC to designate and produce a representative to testify on behalf of *another* entity—Control Risks Group *Limited*, the foreign

---

[13] *See* Woodrum Aff., Ex. C hereto, at ¶ 8.

affiliate in the UK. The UK entity is not a subsidiary of Control Risks Group LLC and is not under its control. Control Risks Group LLC thus has no way of complying with the Subpoena's demand, which is not proper in any event under Rule 30(b)(6). The rule contemplates that the organization named as the deponent will designate a representative to testify on *its* behalf, not on behalf of another, separate entity.[14]

In addition, the Subpoena subjects Control Risks Group LLC to undue burden by purporting to require Control Risks Group LLC to obtain and produce documents that, if they exist at all, belong to a foreign affiliate and reside in the ordinary course of business in that affiliate's offices abroad.[15] Even if Control Risks Group LLC could obtain responsive documents despite this, it would have to review and analyze any confidentiality agreements to which they are subject; evaluate other confidentiality concerns, which appear to be serious[16];

---

[14] Even if Control Risks Group LLC could somehow produce a Rule 30(b)(6) representative for the UK entity, bringing the witness to Houston, Texas, and ensuring that the witness was prepared to "testify about information known or reasonably available to the organization" in the UK would be a substantial burden on Control Risks Group LLC. Such a burden would be undue given that the UK entity, not Control Risks Group LLC, which would be incurring the costs of producing the witness, is the actual focus of the Subpoena.

[15] Even leaving aside the separate-entity issue, the location of any responsive documents and the fact that Control Risks Group LLC does not maintain its principal office in Texas further confirms that the Subpoena should be quashed. *See Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993) ("[A] a federal court sitting in one district cannot issue a subpoena duces tecum to a non-party for the production of documents located in another district."); *Anderson v. Government of the Virgin Islands*, 180 F.R.D. 284, 289 (D. Virgin Islands 1998) (same). In *Ariel v. Jones*, 693 F.2d 1058 (11th Cir. 1982), the court quashed a document subpoena issued from the Southern District of Florida (for use in an action pending in the Middle District of Florida) to a non-party witness whose principal offices, where the documents were located, were in Colorado Springs, Colorado. *Id.* at 1059-1061. In so doing, the Eleventh Circuit held that the subpoena was invalid irrespective of the fact that it had been served on the non-party witness' registered Florida agent for service of process in Miami, the CT Corporation. *Id.* at 1060-1061.

[16] Naturally, there would be very serious confidentiality concerns associated with any document that purported to examine or analyze security issues with respect to an offshore rig that had been invaded by hostage-seeking gunmen. Information about the security and integrity of offshore rigs should be carefully protected, and not made part of a public record.

take any necessary steps to protect confidentiality[17]; and incur the cost and inconvenience of obtaining, reviewing, and producing potentially voluminous documents that belong to a different, foreign entity. If Johnson and Croke want the requested documents, they should seek to obtain them from the entity that produced and maintains them—or the client who contracted for them—rather than attempt to shift the burden to Control Risks Group LLC.

Finally, the request for documents included in the Subpoena is overbroad and vague on its face, thereby creating another undue burden. The Subpoena seeks "[a]ny and all" documents and other material "of any nature" "relating" to the High Island VII rig. This could potentially encompass documents of minimal or no relevance at all. Further, the Subpoena also seeks purely administrative documents "generated in connection with any of the documentation created in regards to the HIGH ISLAND VII." Such documents are not relevant to the underlying action and are not likely to lead to the discovery of admissible evidence.

---

[17] In *any* case, Control Risks Group LLC would, at a bare minimum, object to producing documents of the sort sought by the Subpoena other than pursuant to a strict confidentiality order.

## CONCLUSION AND PRAYER

For the reasons discussed above, Control Risks Group LLC respectfully requests that the Court grant this motion and quash the nonparty subpoena served on it by respondents, James Johnson and Robert Croke. A proposed order is filed concurrently herewith. Control Risks Group LLC also requests all other relief to which it may be justly entitled.

Respectfully submitted,

**FULBRIGHT & JAWORSKI LLP**

By: /s/ Matthew A. Dekovich
 Matthew A. Dekovich
 State Bar No. 24045768
 Federal I.D. No. 601675
 matt.dekovich@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Telecopier: (713) 651-5246

*Attorneys for Movant, Control Risks Group LLC*

**CERTIFICATE OF SERVICE**

I certify that on this the 12th day of December, 2013, a true and correct copy of the above and foregoing document was served on respondents' counsel, shown below, by Certified Mail, Return Receipt Requested, and by facsimile.

    Timothy Young
    Tammy Harris
    The Young Firm
    400 Poydras Street, Suite 2090
    New Orleans, Louisiana 70130
    Telephone (504) 680-4100
    Facsimile (504) 680-410

                /s/ Matthew A. Dekovich
                Matthew A. Dekovich

**CERTIFICATE OF CONFERENCE**

I certify that I attempted to confer with respondents' counsel regarding the subject of this motion. On Tuesday, December 10, 2013, I called respondents' counsel, Timothy Young, and left a message with his office asking him to call me about this matter. I have not received a return phone call or message, and am unable to state respondents' position with respect to the relief sought by this motion.

                /s/ Matthew A. Dekovich
                Matthew A. Dekovich